UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **DEBORAH KELLEY** | * | **CIVIL ACTION NO: 6:23-CV-00563** |
| | * | |
| **VERSUS** | * | **JUDGE ROBERT R. SUMMERHAYS** |
| | * | |
| **RD EXPEDITED, INC. ET AL** | * | **MAG. JUDGE CAROL B. WHITEHURST** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

Plaintiff filed suit in the Fifteenth Judicial District Court on December 21, 2022.[1] In paragraph (8) of the petition, Plaintiff expressly informed Defendants her claim met or exceeded the monetary threshold required for diversity jurisdiction:

> Plaintiff's claim equals or exceeds the amount in controversy required for jurisdiction under 28 USC 1332.[2]

Defendant-employer was served with Plaintiff's petition on January 21, 2023.[3] Defendant driver was served with Plaintiff's petition on January 23, 2023.[4] 99 days later, Defendants filed their *Notice of Removal* alleging diversity jurisdiction pursuant to 28 U.S.C. §1332.[5] Defendants claim they first realized Plaintiff's claim exceeded $75,000 on April 6, 2023 – over 70 days following receipt of Plaintiff's petition.[6]

All parties agree there is complete diversity of citizenship. All parties agree Plaintiff's claim exceeds $75,000. The only question before this Court is whether Defendants' *Notice of Removal* was timely. As Plaintiff's petition unequivocally informed Defendants that her claim's value met

---

[1] *Petition*; attached as Exhibit A.
[2] *Id*.
[3] Affidavit of Long-Arm Service (RD Expedited, Inc.); attached as Exhibit B.
[4] Affidavit of Long-Arm Service (Rickey Henderson); attached as Exhibit C.
[5] [Doc. 1]; attached as Exhibit D.
[6] *Id* at para. 42.

the requirements of §1332, Defendants' (99-day later) removal request is untimely. Thus, this case should be remanded back to the Fifteenth Judicial District Court.

### I. DEFENDANTS HAD 30 DAYS TO REMOVE THIS MATTER ONCE THEY RECEIVED PLAINTIFF'S PETITION

28 U.S.C. 1446(b)(1) provides a 30-day time frame to remove a civil action based upon diversity jurisdiction:

> The notice of removal of a civil action or proceeding **shall be filed within 30 days after the receipt by the defendant**, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Defendants admit complete diversity of citizenship existed when the petition was filed.[7] However, Defendants contend the petition did not inform them that Plaintiff's claim exceeded $75,000.[8] This argument runs contrary to established jurisprudence. In *Chapman v. Powermatic, Inc.*, the U.S. Fifth Circuit adopted a bright line rule when determining whether a defendant has notice as to the value of a plaintiff's claim for purposes of diversity jurisdiction. The Court held the 30-day removal period begins when a defendant receives a petition that states the plaintiff's claim exceeds the minimum jurisdictional amount:

> **[T]he thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court**.
> . . .
> We believe the better policy is to focus the parties' and the court's attention on what the initial pleading sets forth, by adopting a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to **place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount**.
>
> *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

---

[7] *Id*. at para. 10.
[8] *Id*. at para. 26.

The Court in *Chapman* recognized Louisiana law forbids plaintiffs from alleging specific damages. However, the Court noted a general allegation in the petition that damages exceed the jurisdictional threshold would properly notify defendants and comply with Louisiana law:

> "If a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is sufficient.". In our opinion, neither T.R.C.P. 47(b) nor La. Code Civ. Proc. Ann. art. 893(A)(1) prohibit a plaintiff from alleging in his initial pleading that the damages exceed the minimum jurisdictional amount of the federal court.
>
> *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992).

In the present case, Plaintiff explicitly stated in her petition that her claim equals or exceeds the amount required for diversity jurisdiction.[9] Thus, under *Chapman*, Plaintiff affirmatively revealed the amount of controversy exceeded $75,000. The Western District of Louisiana has published opinions endorsing the bright-line rule created by *Chapman*. In *Walker v. Brookshire Grocery Co.*, the plaintiff attempted to remand a matter despite pleading in her petition that her damages exceeded $75,000. The Western District held plaintiff's damage allegation triggered the 30-day time frame in *Chapman*:

> Another important fact is that Plaintiff specifically alleged in her petition that "this case involves damages in excess of $75,000.00, exclusive of interest and costs." When a case is removed based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," subject to exceptions including when state practice does not permit demand for a specific sum.
>
> Plaintiff argues that her petition falls into the category of one that does not include a demand for a specific amount of damages. She may not have included such a demand in her prayer, but the allegation in the body of her petition could not have been clearer, and presumably Plaintiff made that allegation in good faith. **The allegation was so clear that there is <u>no doubt</u> that it triggered the 30-day removal period under *Chapman* and required Defendants to remove the case promptly, lest Plaintiff challenge a later removal as untimely**.

---

[9] *Petition*, para. 8.

> The undersigned finds that the allegation in Paragraph X of the petition is sufficient to constitute a sum demanded in good faith in the initial pleading and, thus, establish the amount in controversy under 28 U.S.C. § 1446(c)(2). To hold otherwise would allow a plaintiff to take advantage of the *Chapman* rule to unfairly manipulate the removal process by (1) contending that their $75,000 allegation triggered the 30-day removal period and (2) arguing that the allegation was too conclusory to support a removing defendant's burden on the amount in controversy.
>
> *Walker v. Brookshire Grocery Co.*, No. 19-CV-1065, 2019 WL 5390473, at *3 (W.D. La. Oct. 4, 2019), *report and recommendation adopted*, No. 19-CV-1065, 2019 WL 5388072 (W.D. La. Oct. 21, 2019).

The Middle District of Louisiana has also held this type of allegation triggers the 30-day time frame for removal:

> 1) As to amount in controversy, the Petition contains the following statement: "Plaintiffs stipulate and judicially admit that the amount in controversy does exceed $75,000, exclusive of interests and costs."
>
> The Motion to Remand, which Defendants do not oppose, states that Defendants were served on February 10, 2022.11 The allegations in the Petition for Damages were sufficient to start the 30-day removal clock at that time. Because the Notice of Removal was not filed until June 28, 2022, removal was untimely.
>
> *Cedotal v. Drive New Jersey Ins. Co.*, No. CV 22-429-SDD-EWD, 2022 WL 18213530, at *2 (M.D. La. Nov. 8, 2022), *report and recommendation adopted*, No. CV 22-429-SDD-EWD, 2023 WL 139129 (M.D. La. Jan. 9, 2023).
>
> 2) With respect to the 30-day period from the defendant's receipt of the initial pleading, the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading 'affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.' " If a plaintiff wants the 30-day period to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount."
>
> Accordingly, a plaintiff's allegation in his petition that his damages are likely to exceed $75,000, exclusive of interest and costs, has been held to affirmatively reveal on its face that the plaintiff is seeking the federal minimum jurisdictional amount sufficient to trigger the 30-day removal clock in 28 U.S.C. § 1446(b)(1).
>
> *Sensley v. Progressive N. Ins. Co.*, No. CV 21-494-BAJ-EWD, 2022 WL 3336480, at *3 (M.D. La. June 16, 2022), *report and recommendation adopted*, No. CV 21-00494-BAJ-EWD, 2022 WL 3336485 (M.D. La. July 6, 2022).

As Plaintiff has included the same type of general damage allegation in her petition, the 30-day clock began when Defendants were served with Plaintiff's petition – January 23, 2023. Hence, Defendants had 30 days, or until February 22, 2023, to remove this matter. Defendants filed their *Notice of Removal* on May 2, 2023. Thus, this removal action is untimely.

## II. CONCLUSION

Defendants' *Notice of Removal* is untimely. Respectfully, this Court should remand this matter back to the Fifteenth Judicial District of Louisiana.

Date: May 19, 2023                                 Respectfully Submitted,

                                                         **MORRIS & DEWETT, LLC**

                                                         By: */s/ John A. Davis*
                                                         **JOHN A. DAVIS (#35100)**
                                                         **JOSH L. POWELL (#38378)**
                                                         509 Milam Street
                                                         Shreveport, LA 71101
                                                         (318) 221-1507 - Telephone
                                                         (318) 221-4560 – Facsimile
                                                         *jdavis@morrisdewett.com*

                                                  **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on 19th day of May 2023, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsels of records by operation of the court's electronic filing system.

                                         _____*/s/ John A. Davis*_____