## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **DEBORAH KELLEY** | **CASE NO. 6:23-CV-00563** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **R D EXPEDITED INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Pending before the undersigned magistrate judge is Plaintiff's Motion to Remand [Rec. Doc. 10]. Defendants, R D Expedited, Inc. and Ricky Henderson, opposed the motion [Rec. Doc. 13]. Considering the evidence, the law, and the arguments of the parties, and for reasons explained below, the Court recommends that Plaintiff's Motion to Remand be GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this suit in state court for alleged damages following an automobile accident that occurred on June 1, 2022, involving an 18-wheeler operated by defendant, Ricky Henderson, and owned by co-defendant, R D Expedited Inc. Plaintiff generally alleges damages consisting of (1) medical expenses; (2) pain and suffering; (3) mental pain and anguish; (4) functional limitations and impairments; (5) lost wages; (6) loss of economic opportunity; (7) loss of enjoyment of life; and (8) scarring and disfigurement. [Rec. Doc. 1-1, ¶ 7].

The Petition states: "Plaintiff's claim equals or exceeds the amount in controversy required for jurisdiction under 28 USC 1332." [Rec. Doc. 1-1, ¶8].

RD Expedited was served with Plaintiff's petition on January 21, 2023 [Rec. Doc. 10-4]. Henderson was served on January 23, 2023 [Rec. Doc. 10-5]. Ninety-nine days later, defendants filed their *Notice of Removal* alleging diversity jurisdiction pursuant to 28 U.S.C. §1332 [Rec. Doc. 1]. Defendants argue that, since plaintiff's petition merely alleged "boilerplate" damages, they were unable to determine whether plaintiff's claims exceeded the $75,000 amount in controversy requirement until receiving discovery documents on April 6, 2023—some 70 days after their receipt of the initial pleading [Rec. Doc. 1, ¶¶ 16-22]. Accordingly, defendants argue that the 30-day removal period did not begin to run until they were served "other paper" on April 6, 2023, making removal timely in this case [Rec. Doc. 1, ¶¶ 28-42].

 On May 19, 2023, plaintiff filed the instant Motion to Remand, challenging the timeliness of defendants' *Notice of Removal*. Plaintiff argues that the allegation contained in their petition, which stated that the claims exceeded the federal jurisdictional requirement, was sufficiently clear to trigger the 30-day removal timeline [Rec. Doc. 10-1]. Hence, plaintiff contends that, because the 30-day clock began upon defendants' receipt of the petition on January 23, 2023, the defendants' May 2, 2023, filing of the *Notice of Removal* was untimely [Rec. Doc. 10-1].

<u>**LAW AND ANALYSIS**</u>

**I.      Standard of Review and Removal Timeline**

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. The procedural mechanism by which a party may remove a matter from state court to a federal district court is provided in 28 U.S.C. §1441 and §1446. Any ambiguities are construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002) (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000). The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. *Id.*

In this case, it is undisputed that the parties are completely diverse and that the amount in controversy exceeds the $75,000 threshold. The sole issue is whether defendants' *Notice of Removal* was timely under the two-step framework provided in 28 U.S.C. §1446(b), which provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whatever period is shorter.

. . .

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id*.

As restated by the Fifth Circuit in *Mumfrey v. CVS Pharmacy, Inc*., 719 F.3d 392, 397 (5th Cir. 2013), the rule in §1446(b), governing the timeliness of removal, simply requires that:

> […] [I]f the initial pleading sets forth a claim that triggers the removal clock, the defendant must file notice of removal within thirty days of receiving it. If the initial pleading did not trigger the thirty-day removal clock, a notice of removal must be filed within thirty days of the defendant's receipt of a document from which it may ascertain that the case is, or has become, removable. In any event, removal may not occur more than one year after commencement of the action.

(internal citations omitted). Accordingly, the 30-day clock for removal is triggered either upon the defendant's receipt of the initial pleading or the receipt of some "other paper." *Id.*

Historically, the circuit has been faced with two types of removal disputes "amount disputes" and "timeliness disputes." *Id.* "Distinguishing between the two removal disputes is critical because different standards apply to each." *Id.* First, amount disputes arise "when the defendant removed a case within thirty days of receiving the initial pleadings—before the amount in controversy was clearly

established—and the plaintiff moved to remand, objecting that the amount in controversy had not been met." *Id.* In these cases, the defendant has the burden of proving by a preponderance of the evidence that the amount-in-controversy requirement was satisfied. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir.1995) (quoting *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993)). "Almost all removal cases in the circuit fall into this first category—amount disputes." *Mumfrey*, 719 F.3d at 398 (5th Cir. 2013).

In contrast, timeliness disputes occur "when the defendant did not remove within 30 days after receipt of the initial pleadings under §1446(b)'s first paragraph, but instead removed under the second paragraph, within 30 days of receiving some amended pleading or *other paper*." *Id.* In these cases, "the plaintiff tries to avoid removal by arguing that it was clear from the initial pleadings that the case was removable such that the defendant has missed the deadline and is forever barred from removing." *Id.*

In its seminal case, *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992), the Fifth Circuit formulated a bright line rule regarding timeliness disputes. There, the court held that:

> […] [F]or the purposes of the first paragraph of § 1446(b), the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading *affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.

*Id.* at 163.

The *Chapman* court adopted this rule to promote "certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Id.* Further, as opposed to a rule that would require courts to determine what a defendant either knew or should have known had they exercised due diligence, the *Chapman* rule was tailored to prevent premature removal in cases where the initial pleading does not affirmatively reveal that the federal jurisdictional amount is satisfied. *Id.* Accordingly, the court reasoned that:

> [...] [T]he better policy is to focus the parties' and the court's attention on what the initial pleading sets forth, by adopting a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount.

*Id.*

Moreover, courts have clarified that "[s]uch a statement would provide notice to defendants that the removal clock had been triggered but would not run afoul of state laws that prohibit pleading unliquidated damage amounts." *Mumfrey*, 719 F.3d at 399. Therefore, even though La. Code Civ. Proc. Art. 893(A)(1) prevents plaintiffs from pleading damages in specific dollar figures, it does not prohibit plaintiffs from placing in their state court petition, a "specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman,* 969 F.2d at 163.

## II. Timeliness Analysis

This case presents a timeliness dispute. Plaintiff's Motion to Remand turns upon whether the allegation in her petition was sufficient to trigger the 30-day clock such that defendants' *Notice of Removal* was untimely under §1446(b)'s first paragraph, or conversely, whether the case only became removable after defendants' receipt of the discovery responses, constituting "other paper" under §1446(b)'s second paragraph, such that removal was timely. Pursuant to *Chapman*, the Court agrees with Plaintiff that the petition affirmatively alleges on its face that the amount in controversy exceeds the jurisdictional amount. Defendants rely on cases adjudicating amount disputes, which is not the issue in this case.

Under *Chapman*, the removal timeline begins upon a defendant's receipt of the plaintiff's initial pleading, provided that the pleading contains "a specific allegation that damages are in excess of the federal jurisdictional amount." As this rule is to be read in harmony with state laws prohibiting the pleading of unliquidated damages, a plaintiff's petition to state court need not include impermissible dollar figures. Rather, the *Chapman* court contemplated that such a pleading may still trigger the removal clock so long as it "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."

Given Louisiana's laws on unliquidated damages, it is difficult to imagine a better alternative to plaintiff's allegation that their claims exceeded §1332's amount in controversy requirement. This statement was of ample specificity to notify defendants that the case was removable and that the 30-day clock had been triggered—whilst not running afoul of Louisiana courts' pleading requirements. To hold otherwise would be to impermissibly derogate from controlling Fifth Circuit precedent on timeliness disputes. Moreover, such a ruling would be pervasive to the *Chapman* court's policy considerations of certainty and judicial efficiency. Accordingly, because plaintiff's petition affirmatively revealed that her claims exceeded the amount in controversy requirement, the 30-day removal clock began upon defendants' receipt of that petition on January 23, 2023, and therefore, the May 2, 2023, filing of the *Notice of Removal* was untimely.

<u>**CONCLUSION**</u>

Considering the foregoing, IT IS RECOMMENDED that the plaintiff's Motion to Remand [Doc. 10] be GRANTED, and that this matter be REMANDED to the Fifteenth Judicial District Court for the Parish of Acadia, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days rom service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 27th day of July, 2023.


_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**